# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PARIS MCPETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-405-SNLJ |
| ) | |
| ROCHELLE BACON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Paris McPeters, formerly an inmate at Missouri Eastern Correctional Center, for leave to commence this action without payment of the required filing fee. Plaintiff's motion will be granted. Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

## The Complaint

Plaintiff's 42 U.S.C. § 1983 claims arise out of his arrest for domestic assault on June 6, 2018. He names as defendants Rochelle Bacon (private party); Unknown Officer Weiland (O'Fallon Police Department); Amy Cope and Mark Smith (Missouri Probation and Parole); the Missouri Board of Probation and Parole; and three unknown officers present for plaintiff's parole revocation hearing. Plaintiff alleges defendants violated his constitutional rights to equal protection and due process during his June 6, 2018 arrest and his subsequent parole revocation hearing.

Plaintiff states that on June 6, 2018, while driving his company vehicle, he became engaged in a physical altercation with his passenger, defendant Rochelle Bacon. Plaintiff pulled his vehicle over twice during this argument, and eventually Bacon got out of the vehicle. The altercation continued outside, and witnesses called 911. Officers from the O'Fallon Missouri Police Department responded to the call. Officer Weiland arrested plaintiff. Meanwhile, officers allowed Bacon to retrieve some of plaintiff's property from his vehicle, despite plaintiff's protestations, and drove Bacon to her destination. Plaintiff alleges the O'Fallon police officers violated his equal protection rights by arresting him but protecting Bacon.

As to plaintiff's allegations against the Missouri Board of Probation and Parole and the three unknown officers presiding over his parole hearing, plaintiff alleges these defendants violated his due process rights by not contacting his witness at his parole hearing and revoking his parole.

For relief, plaintiff seeks the removal of defendants from their official positions and compensatory and punitive damages of more than $1.5 million.

**Discussion**

Although stated in terms of defendants' violation of plaintiff's Fourteenth Amendment rights to equal protection and due process, the crux of plaintiff's complaint is his belief that Bacon should have been arrested for domestic assault as the aggressor, and not plaintiff. Plaintiff alleges police did not do an adequate investigation because they did not question Bacon's identification or her story. Plaintiff believes that if the police had conducted an appropriate investigation into the facts, he would not have been arrested and his probation would not have been revoked.

First, plaintiff's § 1983 claims against defendant Bacon will be dismissed for failure to state a claim. Section 1983 actions may not be brought against private actors, only against those acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. Because plaintiff cannot allege any plausible claim that defendant Bacon was acting under color of state law, the Court will dismiss his §1983 claim against Bacon.

In *Wallace v. Kato,* the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for illegal search and seizure, unlawful arrest, and unlawful incarceration. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter currently pending in St. Charles County against plaintiff has been resolved through criminal appeals and post-conviction processes.

Finally, to the extent plaintiff alleges his parole hearing was unconstitutional, "*Heck* applies to proceedings [that] call into question the fact or duration of parole." *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995). A plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole revocation hearing if he does not allege that the parole board's decision has been reversed, expunged, set aside or called into question. *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995); *see also McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir.1995) (*Heck* bars § 1983 action challenging revocation of supervised release). Plaintiff has not made any showing that the decision to revoke his probation has been reversed, expunged, set aside or called into question. As a result, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the proceedings against plaintiff relating to his criminal case *State v. McPeters*, No. 1811-CR02911-01 (St. Charles County).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. McPeters*, No. 1811-CR02911-01 (St. Charles County).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *State v. McPeters*, No. 1811-CR02911-01 (St.

Charles County). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel and motion for preliminary injunction is **DENIED as moot**. [ECF No. 2]

Dated this 26th day of September, 2019.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE