UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PARIS McPETERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-00405-SNLJ |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This civil rights matter is before the Court on self-represented plaintiff Paris McPeters' application to proceed in the district court without prepayment of fees and costs. Plaintiff's motion will be granted. On initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's amended complaint will be dismissed as barred by the doctrine of res judicata. Plaintiff's allegations of civil rights violations in this case were previously dismissed with prejudice in *McPeters v. Missouri Dep't of Corr., et al.*, No. 2:20-4247-CV-C-SRB-P, ECF No. 25 (W.D. Mo. July 19, 2021) ("*McPeters 1*").

**Legal Standard on Initial Review**

This Court is required to review a complaint filed without prepayment of fees and costs, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

**Discussion**

Neither plaintiff nor his allegations are strangers to this Court. Plaintiff has filed two prior cases in this Court: *McPeters v. Precythe, et al.*, No. 4:19-cv-1202-CDP (E.D. Mo. filed Feb. 19, 2019) (§ 2254 habeas case dismissed for failure to exhaust state claims) and *McPeters v. Missouri Dep't of Corr., et al.*, No. 4:19-cv-537-RWS (transferred to the W.D. Mo. on March 22, 2019 and opened as *McPeters 1*). He has also filed two cases in the United States District Court for the Western District of Missouri: *McPeters v. Missouri Dep't of Corr., et al.*, No 19-4081-CV-C-SRB-P (W.D. Mo. filed Mar. 19, 2019) (dismissed pursuant to Federal Rule 41(b) for failure to comply with court order) and *McPeters v. Missouri Dep't of Corr., et al.*, No. 2:20-4247-CV-C-SRB-P (W.D. Mo. July 19, 2021) (granting defendants' motion to dismiss with prejudice) ("*McPeters 1*").

In *McPeters 1*, the United States District Court for the Western District of Missouri granted defendants' motion to dismiss and dismissed with prejudice plaintiff's case. The Court agreed with defendants and found: (1) defendants MDOC and the Missouri Board of Probation and Parole were entitled to Eleventh Amendment immunity; (2) plaintiff's allegations regarding his parole

2

revocation proceedings failed to state a violation of his federal constitutional or statutory rights; (3) plaintiff's allegations regarding his conditions of confinement and all other remaining claims failed to state a violation of his federal constitutional or statutory rights; and (4) defendants were entitled to qualified immunity as to plaintiff's claims against them in their individual capacities. *Id.* at ECF No. 25.

In this case, plaintiff seeks to litigate these same claims against these same defendants. The doctrine of res judicata, or claim preclusion, applies against parties who participated in prior proceedings and "had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." *Regions Bank v. J.R. Oil Co.*, LLC, 387 F.3d 721, 731 (8th Cir. 2004). Under claim preclusion, a final judgment bars any subsequent suit where "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). The Eighth Circuit interprets the phrase "the same claims or causes of action" to mean claims that arise out of the same nucleus of operative facts. *Banks v. International Union EETSM Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004).

Here, plaintiff's claims arise out of the same nucleus of operative facts as those litigated and dismissed with prejudice in *McPeters 1*. Both cases allege civil rights violations arising out of plaintiff's parole revocation hearing, the calculation of plaintiff's jail time credits, and the conditions of confinement at the Fulton Reception and Diagnostic Center. *McPeters 1* resulted in a final judgment on the merits; was based on proper jurisdiction; involved the same parties; and both suits arise out of the same facts. *McPeters 1* at ECF No. 25. Thus, the instant action will be

3

dismissed on initial review for failure to state a claim upon which relief may be granted because plaintiff's claims are barred by the doctrine of res judicata.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 13]

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's case is **DISMISSED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of March, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE